103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Edward BAYE, Defendant-Appellant.
 No. 95-50558.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 18, 1996.
 
 1
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Fearing reprisals from the Aryan Brotherhood, Defendant Thomas Baye contends he was left with no legal alternative but to rob a bank at gunpoint so he could be committed to the safety of federal prison. Now he appeals his conviction, complaining of a warrantless search, restriction of his necessity defense, and an improper imposition of a mandatory sentence. We reject these arguments and affirm.
 
 
 4
 The district court correctly found that exigent circumstances permitted officers to enter Baye's motel room. They knew Baye was an armed suspect who had committed a bank robbery during the previous two hours. They knew he had a reasonable chance of escaping and they suspected he was aware of their presence. The officers accomplished their entry without physical disruption. These facts, among others, establish the requisite exigent circumstances for warrantless entry. United States v. Ramirez, 91 F.3d 1297, 1301-02 (9th Cir.1996).
 
 
 5
 Baye argues the district court improperly rejected and limited his necessity defense. A district court may preclude a necessity defense if a defendant fails to establish a prima facie case. United States v. Aguilar, 883 F.2d 662, 693 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991). The defendant must show: (1) he was faced with a choice of evils and chose the lesser evil; (2) he acted to prevent imminent harm; (3) he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and (4) there were no legal alternatives to violating the law. Id. Baye did not offer sufficient proof for at least three of the elements and failed to establish a prima facie necessity defense. The district court properly precluded the defense and restricted admission of evidence concerning it. When Baye offered testimony regarding the defense despite the ruling, the district court correctly admitted impeachment evidence of Baye's modus operandi in prior bank robberies.
 
 
 6
 The district court did not err in imposing a consecutive sentence for using a firearm during a crime of violence. The sentence is mandatory under 18 U.S.C. § 924(c)(1).
 
 
 7
 Finally, we reject Baye's argument that the district court was biased. Expressing slight incredulity at a quixotic defense does not indicate prejudice. The district court's trial conduct was beyond reproach.
 
 
 8
 The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3